## DOCK SMITH v. STATE.

No. A-4954. Opinion Filed April 18, 1925.
(235 Pac. 554.)

(Syllabus.)

**Intoxicating Liquors—Evidence Supporting Conviction for Unlawful Possession.** In a prosecution for the unlawful possession of intoxicating liquor, evidence held to sustain a conviction.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Dock Smith was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

R. C. Roland, for plaintiff in error:

The Attorney General, for the State.

DOYLE, J. Plaintiff in error, Dock Smith, was convicted under an information charging that on July 14, 1923, he did have possession of two pints of corn whisky, with the unlawful intent to sell the same, and his punishment fixed at a fine of $250 and confinement in the county jail for 90 days. He appeals from the judgment rendered on the verdict. The only ground relied on for a reversal is that the verdict is not sustained by sufficient evidence.

It appears that Jesse Dunn and John W. Ginn, deputy sheriffs, in executing a search warrant, the validity of which was not questioned, visited the defendant's home; the defendant was not at home, but his wife was. The officers found two pints of corn whisky in a box under the floor at a place where a square hole had been sawed in the floor. They testified that the defendant's place was a place of public resort, and that they knew its general reputation as to being a place where intoxicating liquors were sold and that reputation was bad.

Dock Smith testified that he had the whisky for his personal use; that the plant arranged under the floor was there when he bought the property, and that he had to hide the whisky under the floor to save it.

The sufficiency of the evidence to support the verdict was questioned for the first time in the motion for new trial. It is obvious that the case was one for the consideration of the jury. The trial was in all respects fair, and we are unable to find anything in the record sufficient to create a doubt as to the correctness of the result, or to warrant us in interfering with the verdict. The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.